# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| LATOYA SMITH, ) | |
| ) | CIVIL ACTION NO. _____ |
| *Plaintiff*, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| OUTDOOR NETWORK ) | |
| DISTRIBUTION LLC AND ) | |
| OUTDOOR NETWORK CALL ) | |
| CENTER, LLC ) | |
| | |
| *Defendants*. | |

# COMPLAINT

COMES NOW Plaintiff, Latoya Smith (hereinafter "Plaintiff"), by and through her undersigned counsel, and sets forth this Complaint for Damages against the above-named Defendants Outdoor Network Call Center, LLC ("Call Center"), and Outdoor Network Distribution, LLC ("Distribution" or collectively "Defendant Employer"). Plaintiff respectfully shows this Court as follows:

1

# JURISDICTION

1.

This action is for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §2000e, *et seq.* (Title VII"), and under 42 U.S.C. §1981 ("Section 1981"). Ms. Smith seeks declaratory and injunctive relief, back pay, front pay, liquidated damages, compensatory damages, and attorneys' fees and costs.

# VENUE

2.

Venue is proper pursuant to, inter alia, 28 U.S.C. Section 1391(b)(2) and 42 U.S.C. Section 2000e-(f)(3).

3.

Defendant Employers' operates within the geographic boundaries of the United States District Court for the Middle District of Georgia.

4.

This Court has personal jurisdiction over Defendant Employer as their registered agent is located within the geographic boundaries of this Court and operate within the geographic boundaries of this Court.

# PARTIES AND JURISDICTION

5.

Plaintiff is an African American female citizen of the United States and she resides in Georgia.

6.

Defendant Employers are for-profit corporations organized under the laws of the state of Georgia and registered to conduct business in the state of Georgia.

7.

This Court has personal jurisdiction over each Defendant Employer.

8.

Defendant Employers may be served through their shared registered agent, Seminole Management Properties, LLC, 1113 Seminole Lane, Albany, GA, 31707, if service or process is not waived.

9.

This Court has personal jurisdiction over Defendant Employers.

# FACTS

10.

Distribution is a family owned and operated network of marine power sports dealerships and parts distribution centers. Call Center is part of the business that handles customer relations for Defendant Employers.

11.

Defendant Employers each employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2017 and 2018.

12.

Defendant Employers are subject to the anti-discrimination provisions of both Title VII, and Section 1981.

13.

Plaintiff began working for Defendant Employers on or around May 10, 2013 as a customer service representative.

14.

At all times material to this Complaint, Defendant Employers were joint employers. In effect they each had control over Plaintiff's employment and the terms and conditions of her job.

15.

Upon information and belief, each Defendant had authority to exercise control over the terms and conditions of Plaintiff's employment, specifically but not limited to her job assignments, her hours, her pay, her benefits, her promotional opportunities, and each had the ability to hire and fire her.

**RACE DISCRIMINATION AND RETALIATION**

16.

Plaintiff worked in the call center.

17.

A majority of Plaintiff's coworkers were Caucasians.

18.

Due to the work environment, it was easy for Plaintiff to overhear the conversations of her co-workers.

19.

Plaintiff frequently overhead her white coworkers making racist comments.

20.

In 2018, the call center manager left, and Jay Latimore, an African American, was promoted to call center manager.

21.

Many of Plaintiff's white co-workers were upset about an African American being the call center manager.

22.

Plaintiff's co-workers began to frequently make racially derogatory statements about Mr. Latimore and African Americans in general.

23.

Plaintiff and some of her African American co-workers became upset about the racism they were overhearing.

24.

On September 17, 2018 Plaintiff and an African American Manager made a complaint of race discrimination.

25.

One month later on October 17, 2018 Plaintiff was terminated.

26.

Defendant Employers allege that Plaintiff was fired for participating in a racially hostile conversation on the company's Spark (chat) program.

27.

Plaintiff's conversation with her co-workers was her engaging in concerted activity protected by the National Labor Relations Board regarding her working environment. Specifically, the two employees were acting together to improve their terms and conditions of employment.

28.

Furthermore, Plaintiff's conversation was no more racially charged than many of the conversations of her white co-workers.

29.

Upon information and belief, Plaintiff's white co-workers were not disciplined for their racially charged language in the same way the Plaintiff was disciplined.

30.

Plaintiff was discharged due to the disparate treatment of African Americans by Defendant Employers and in retaliation for her complaint of race discrimination.

31.

On or around February 1, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

32.

A true and accurate copy of Plaintiff's Charge of Discrimination against Defendant Employers is attached hereto as Exhibit "A" and is incorporated herein.

33.

On or around January 14, 2020 the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue. A copy of which is attached hereto as Exhibit "B" and is incorporated herein.

34.

This suit has been commenced within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue.

## **FIRST CAUSE OF ACTION: RACE-BASED DISCRIMINATION - VIOLATION OF TITLE VII AND SECTION 1981**

35.

Plaintiff incorporates by reference paragraphs 1-34, above, as if fully set forth herein.

36.

Plaintiff is a member of a protected group (African American).

37.

Plaintiff was jointly employed by Defendant Employers.

38.

Plaintiff was qualified for the position she held.

39.

Plaintiff was subjected to disparate treatment and/or a hostile work environment as detailed above by her co-workers on a daily basis.

40.

The disparate treatment and hostile work environment did not occur to Plaintiff's non-African American similarly situated colleges.

41.

This unwelcome racial discrimination was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and/or to create a hostile working environment.

42.

Defendant Employers knew or should have known of the race discrimination and disability discrimination that existed at Plaintiff's place of employment and failed to take corrective action.

43.

Defendant Employers failed to take prompt and appropriate remedial measures to stop the above described discrimination.

44.

Plaintiff suffered damages as a result of this discrimination as well as Defendant Employers' retaliation.

45.

As a direct and proximate result of Defendant Employers' above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished employment opportunities and emotional distress, including but not limited to outrage, shock, and humiliation.

46.

Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION: RETALIATON UNDER TITLE VII, AND SECTION 1981

47.

Plaintiff incorporates by reference paragraphs 1-46, above, as if fully set forth herein.

48.

Plaintiff engaged in protected activity under Title VII, and Section 1981 by making complaints of race discrimination.

49.

Subsequent to Plaintiff's complaints of discrimination, Plaintiff's employment was terminated for a pretextual reason.

50.

The reason for Plaintiff's termination was to retaliate against Plaintiff for Plaintiff's complaints of race discrimination.

51.

As a direct and proximate result of the above-mentioned discriminatory conduct, Plaintiff suffered lost wages and benefits, diminished employment opportunities and emotional distress, for which Defendant Employers are liable.

### THIRD CAUSE OF ACTION: NEGLIGENT SUPERVISION/ RETENTION

52.

Plaintiff incorporates by reference paragraphs 1-51, above, as if fully set forth herein.

53.

Defendant Employers knew that many of Plaintiff's co-workers had a past history of race discrimination against African Americans.

54.

Defendant Employers failed to take prompt and appropriate remedial steps to protect Plaintiff from race discrimination.

55.

Defendant Employers received complaints of discrimination, yet Defendant Employer failed to monitor and protect Plaintiff from discrimination.

56.

As a result of Defendant Employers' negligent retention and/or supervision, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a) that Summons issue;

(b) that Defendants be served with Summons and Complaint;

(c) that trial by jury of all issues be had;

(d) that judgment be issued against Defendants for any and all general, special, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e) for all costs of this action to be taxed against the Defendants;

(f) for all costs and attorney's fees to be awarded to Plaintiff; and,

(g) for any and all other further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 8th day of April 2020.

s/ J. Stephen Mixon<br>
J. Stephen Mixon, Esq.<br>
Georgia Bar No. 514050<br>
Attorney for Plaintiff

THE MIXON LAW FIRM, LLC
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
770-955-0100